**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK ALLEN, et al.,** | : | **CIVIL ACTION NO. 1:04-CV-2297** |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUSQUEHANNA TOWNSHIP SCHOOL DISTRICT,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 21st day of July, 2005, upon consideration of the second motion (Doc. 22) of Dauphin County Social Services for Children and Youth to quash a subpoena served by defendant on June 13, 2005, requesting production of "[a]ny and all information or documentation regarding [the children of plaintiffs,] . . . Jaquan Rakeem Allen . . . and Patrice Allen," on the ground that the subpoena requires disclosure of privileged matter, see FED. R. CIV. P. 45(c)(3)(A)(iii), and it appearing that the materials designated in the subpoena encompass confidential reports of child abuse and "information obtained, reports written[,] or photographs or X-rays taken concerning alleged instances of child abuse,"[1] see 23 PA. CONS. STAT. § 6339 ("[R]eports . . . of child abuse . . . as well as any other information obtained, reports written or photographs or X-rays taken concerning

---

[1] Defendant asserts that a limited exception to the confidentiality provisions of Pennsylvania law, permitting disclosure of reports of child abuse to "[a] court of competent jurisdiction," see 23 PA. CONS. STAT. § 6340(a)(5), applies in this case. However, this case is not "a criminal matter involving a charge of child abuse," see id., and, accordingly, this exception is clearly inapplicable.

alleged instances of child abuse in the possession of the department or a county agency shall be confidential."); see also In re Estate of Wagner, 791 A.2d 444, 447 (Pa. Commw. Ct. 2002) (discussing confidentiality provisions), but that the designated materials also encompass non-confidential materials not "concerning alleged instances of child abuse," including *inter alia* educational evaluations and certain medical records, see id., it is hereby ORDERED that the motion (Doc. 22) is GRANTED in part and DENIED in part as follows:

1. The subpoena served on Dauphin County Social Services for Children and Youth by defendant on June 13, 2005, is MODIFIED so as to require disclosure of any and all information or documentation regarding Jaquan Rakeem Allen and Patrice Allen *excluding* reports of child abuse and information obtained, reports written, or photographs or X-rays taken concerning alleged instances of child abuse.

2. Dauphin County Social Services for Children and Youth shall comply with the subpoena served by defendant on June 13, 2005, as modified by this order, on or before August 12, 2005.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge